# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
On Brief March 5, 2013

## STATE OF TENNESSEE v. LEMAN EARL RUSSELL, JR.

**Appeal from the Circuit Court for Dyer County**
**No. C05-442B    Lee Moore, Judge**

_____

### No. W2012-02161-CCA-R3-CD  - Filed July 17, 2013

_____

Appellant, Leman E. Russell, pled guilty to one count of possession of over .5 grams of cocaine with intent to sell or deliver in Dyer County in January 2006. He received a sentence of ten years with six months incarceration and nine and a half years on Community Corrections. Because of various violations and adjudications, Appellant was placed on probation on February 3, 2011. On September 27, 2011, a probation violation warrant was filed alleging that Appellant violated the terms of his probation. After a hearing, the trial court revoked Appellant's probation and ordered him to serve his original ten-year sentence in confinement. Appellant filed a timely notice of appeal. After a review of the record and authorities, we determine that the trial court did not abuse its discretion in revoking Appellant's probation and imposing his original sentence because there was evidence to support the conclusion of the trial court that a violation of the conditions of probation occurred. Accordingly, the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROGER A. PAGE, J., joined.

H. Tod Taylor, Assistant District Public Defender, Dyersburg, Tennessee, for the appellant, Leman Earl Russell, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and Phillip Bivens, District Attorney General, and Karen Burns, Assistant District Attorney General; for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

On January 10, 2006, Appellant pled guilty to one count of possession of over .5 grams of cocaine with intent to sell or deliver. The trial court sentenced Appellant to an effective sentence of ten years with six months to be served in jail and the remaining nine and a half years to be served on Community Corrections. On December 9, 2006, Appellant was transferred to Community Corrections. On May 22, 2007, his sentence under Community Corrections was revoked, and he was ordered to serve six months in the Wayne County Boot Camp. He was released on February 19, 2008, to serve his sentence on probation. On September 13, 2010, Appellant violated his probation, and on November 23, 2010, he received a six month partial revocation of his probation.

On February 3, 2011, he was released from jail and again placed on probation. He was ordered to report on February 25, 2011. On September 27, 2011, Appellant's probation officer filed a Probation Violation Report stating the following violations:

> **Probation Rule #5 states, "I will [work] steadily at a lawful occupation. If I become unemployed, I will immediately report this to my Probation/Parole Officer and will begin to look for another job."**
>
> *The Offender appears to be in violation of Rule #5, in that; he failed to provide employment verification or proof of seeking employment in March, June, and July 2011.*
>
> **Probation Rule #6 states, "I will get the permission of my Probation/Parole Officer before changing my residence or employment, or before leaving the County of my residence or the state."**
>
> *The Offender appears to be in violation of Rule #6, in that; he changed residence without permission from BOPP sometime after his 7/5/11 report date. He did not report the change of residence to BOPP until his 7/29/11 report date. The Offender has been traveling to East Tennessee and "a town outside of Huntsville, AL" for extended periods of time without permission from BOPP.*

**Probation Rule #7 states, "I will allow my Probation/Parole Officer to visit my home, employment site, or elsewhere, and will carry out all lawful instructions he/she gives and report to my Probation/Parole Officer as instructed, and will submit to electronic monitoring."**

*The Offender appears to be in violation of Rule #7, in that; he fails to report to BOPP as instructed for his scheduled report dates. The Offender was released from the Dyer County jail on 1/25/11. He failed to report on 2/25/11, March 2011, 4/20/11, 5/20/11, June 2011, 7/18/11, and 9/8/11.*

**Probation Rule #10 states, "I agree to pay all required fees to the supervision fund, criminal injuries fund, court costs, restitution, and fines."**

*The Offender appears to be in violation of Rule #10, in that; he failed to pay supervision fees in March, April, May, June, and September 2011. The Offender failed to provide proof of court costs payment in February, March, April, May, June, and August 2011.*

**Probation Rule #14 states, "I agree to comply with all special conditions included in my judgment order."**

*The Offender appears to be in violation of Rule #14, in that; he has failed to successfully complete an outpatient A/D treatment program. The Offender was court ordered at his 11/23/10 probation revocation to complete outpatient A/D treatment at Here's Hope with BOPP assistance. The Offender was unsuccessfully discharged from Here's Hope on 7/26/11 for failure to attend the required classes. He has not obtained admittance into another facility.*

On June 19, 2012, the trial court held a probation revocation hearing. Appellant's probation officer, Justin Tubbs, testified at the hearing. Mr. Tubbs testified that Appellant came under his supervision when he was released from boot camp on January 25, 2011. For the first three months, Appellant was required to report twice a month. Appellant failed to report February 25, 2011; the entire month of March 2011; April 20, 2011; May 20, 2011; the entire month of June 2011; July 18, 2011; and September 8, 2011. Mr. Tubbs testified that Appellant did not provide proof that he was seeking employment. Furthermore, Appellant failed to obtain permission to change his residence and to travel to Missouri and Arkansas.

Mr. James Spicer testified on Appellant's behalf. He stated that he has employed Appellant off and on for ten years for construction work. Appellant did not work for Mr. Spicer on a full-time basis. Mr. Spicer stated that he had spoken with Appellant's probation officer and verified his employment. Mr. Spicer stated that Appellant did not do any work out of state for him, but he acknowledged that if Appellant was working for someone else he would not have known it.

Ms. Joyce Cox is Appellant's mother and testified on his behalf. She stated that she helped Appellant get to his meetings with his probation officer and helped him get a new driver's license. She helped drive him places and also helped him monetarily. She testified that at the time of the probation revocation hearing, Appellant owed $490 in court fees and an additional $500 in attorney fees.

Ms. Ashley Russell is Appellant's wife. They have one child together, and he has three children from previous relationships. The children from previous relationships live with their mothers during the school year, but they also live with Appellant and his wife for part of the year. She stated that he helps with expenses and that he is a good father.

Appellant also testified at the hearing. He admitted that he worked sporadically for Mr. Spicer and some weeks he would work only one day for Mr. Spicer. Appellant contended that he told his probation officer that he had changed residences. He also admitted working out of state. He claimed that his probation officer said that it was not a problem as long as he did not stay out of state overnight. Appellant stated that he met with his probation officer fourteen times in 2011.

At the conclusion of the hearing, the trial court revoked Appellant's probation and reinstated his original effective sentence of ten years.

## ANALYSIS

On appeal, Appellant argues that the trial court abused its discretion in ordering Appellant's probation to be revoked and reinstating his original sentence. The State disagrees.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310 & -311. After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the

probationary period for up to two years. *See* T.C.A. § § 40-35-308(c) & -311(e); *State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.* The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

The trial court stated the following at the conclusion of the probation revocation hearing:

> Let me just tell you what I'm concerned about is he just reports sporadically. Always has. I mean, that's what I'm concerned about as far as whether or not deciding whether to violate him. He just reports sporadically.
>
> . . . .
>
> He's already been violated twice before for that same reason.
>
> . . . .
>
> The issue is following the rules.
>
> . . . .
>
> [Defense counsel], I mean if all we were dealing with is 2011 I would agree with every word you're saying. I would agree with every word you're saying.
>
> He is – I would probably give him a very short partial revocation, some punishment because you can't just fail to report regardless of what the situation is. That's the most important thing he's got to do.

Now, the alternative to going to prison, this is a ten year sentence on – to prison he's been given an alternative sentence now three separate times. And he continues to report sporadically. He continues to – he just simply won't follow the rules.

And [Appellant], that's been a problem we've had with you throughout this thing since – for now since six years. I'm not going to put up with it any longer. Your probation is violated.

Appellant argues that the trial court erred in revoking his probation because the trial court based the revocation "on acts that were known at the time probation was granted." Appellant relies upon *State v. Beard*, 189 S.W.3d 730, 737 (Tenn. Crim. App. 2005). However, *Beard* states, "it is not permissible for trial courts to base revocation on *criminal* acts that were known at the time probation was granted." *Id.* (emphasis added). The trial court in *Beard* in part revoked the defendant's probation based upon the defendant's understanding that his rape conviction for oral penetration is as much rape as penile penetration. *Id.* at 734. Appellant's prior violations which resulted in changes to his community corrections and probation on the same sentence do not constitute "criminal acts known at the time probation was granted." He has not shown an abuse of discretion based upon this issue.

Furthermore, we have reviewed the record on appeal and find ample evidence to support the trial court's conclusion that a violation of probation occurred. Evidence was presented that Appellant failed to report, failed to complete the drug and alcohol abuse program as required, and failed to report a change of residence. We find no abuse of discretion in the revocation of Appellant's probation.

When a trial court has determined that a defendant has violated the terms of his probation, the trial court may choose to order the defendant to serve his sentence in incarceration as originally ordered. *See* T.C.A. § § 40-35-308(c) & -311(e); *Hunter*, 1 S.W.3d at 647-48. In the case at hand, the trial court decided to do so. Based on the record before us, we find no abuse of discretion in ordering Appellant to serve his sentence in incarceration.

## **CONCLUSION**

For the foregoing reasons, the revocation of Appellant's probation is affirmed.

_____
JERRY L. SMITH, JUDGE